UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

BLAIR HOUSE ASSOCIATES LIMITED
PARTNERSHIP

Chapter 7
Case No. 21-20110

### ORDER DENYING MOTION TO RECONSIDER, ALTER OR AMEND JUDGMENT PURSUANT TO RULES 9014 AND 9023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

This matter came before the Court on the motion filed by Ellen Hancock, as Trustee of the Hillman Mather Adams Norberg Trust (the "Trust"), asking the Court to reconsider, alter or amend its order of February 18, 2022 awarding Blair House $48,030.00 in attorney fees and $100,000.00 in punitive damages. The motion is hereby denied.

The Trust's motion is a recitation of arguments raised in opposition to the Memorandum in Support of Attorney Fees and Punitive Damages Award filed by General Holdings, Inc. ("GHI"). Specifically, the Trust argues that: (a) the attorney fees the Court awarded to Blair House Associates Limited Partnership ("Blair House") were actually incurred by, and paid by, GHI and therefore the award was inappropriate under 11 U.S.C. § 303(i)(1)(B); (b) GHI had no authority to act on behalf of GHI either because it is not a general partner or because, even if it is a general partner, it had no authority to act unilaterally to oppose the involuntary petition; (c) the Limited Partnership Agreement does not provide for indemnification of attorney fees incurred by GHI in this case; and (e) the record does not establish that the Trust acted in bad faith by filing the involuntary petition.

This Court addressed all of these arguments in its February 18, 2022 order but the Trust contends that the Court erred in its findings because it did not consider evidence the Trust would have presented, if permitted, establishing, among other things, that GHI was acting in the best interests of Rosa Scarcelli rather than Blair House, and that Ms. Hancock believed, and continues to believe, that the legal framework governing a chapter 7 liquidation is the best structure to allow for the orderly dissolution and administration of Blair House's assets.  The motion is replete with allegations that: (a) GHI's status as a general partner is disputed and that it had no authority to act on behalf of Blair House; (b) Rosa Scarcelli improperly used her company, GHI, to thwart this case at the expense of her mother, Pamela Gleichman, and her brother, the sole beneficiary of the Trust, as part of a long-running family feud; (c) that Ms. Gleichman is a second general partner of Blair House; and (d) that GHI had no authority to act unilaterally under either the Limited Partnership Agreement or applicable Maine law.

This evidence all points to a dispute over the relative rights of the parties under a partnership formed in accordance with state law; an observation underscored by the Trust's arguments supporting its request for withdrawal of the reference in this case.  This Court agrees with the Trust that factual disputes abound with respect to Blair House's continued viability as a project under applicable loan documents and regulatory framework, the respective rights of the Trust and GHI under the Limited Partnership Agreement and state partnership law, and the Trust's entitlement to a liquidation distribution  In fact, it was these factual disputes which undermined the validity of the involuntary petition and support the Court's finding that Ms, Hancock knew the liquidation distribution claim was subject to bona fide dispute.  The relative rights of these parties were already being litigated in state court and discussed at the regulatory

level with Maine Rural Development before the Trust commenced this proceeding by filing an involuntary petition premised on its biased interpretation of those rights.

The Trust apparently fails to appreciate that the sanctions imposed in this case were awarded for the very fact that the Trust improperly used the bankruptcy process to gain leverage in a state law battle which was already being litigated in state court and contested through available regulatory channels.  In filing the involuntary petition, the Trust was not an innocent creditor seeking out the best interests of the putative debtor's estate and its creditors, but rather a disgruntled party seeking to short-circuit adverse decisions through forum shopping.  When that failed, and the Trust found itself on the verge of another unfavorable ruling, the Trust once again shopped for a sympathetic forum by filing a motion seeking withdrawal of the reference in a case the Trust *commenced in its chosen forum.*

Having improperly used the bankruptcy process to gain leverage in a blatant move of gamesmanship, the Trust cannot expect to use the technicalities of 11 U.S.C. § 303(i) as a shield when it so readily and improperly utilized 11 U.S.C. § 303(a) as a sword.  The involuntary petition constituted a thinly veiled attempt to quickly dissolve a partnership the Trust unsuccessfully sought to wind down outside of bankruptcy.  This Court will not be backed into deciding, for the purposes of 11 U.S.C. § 303(i), the very issues the Trust sought to forum shop to this Court through an improper petition.  In the interest of protecting the sanctity of the bankruptcy process, and enforcing the rigid gatekeeping provisions of 11 U.S.C. § 303(b), it is enough for this Court to find that one purported general partner improperly attempted to force Blair House into involuntary bankruptcy, necessitating another purported general partner to successfully defend against the petition on Blair House's behalf.  Whether the attorney fees were incurred directly by Blair House under 11 U.S.C. § 303(i)(1)(A) or constitute damages

proximately caused by the filing of the petition under 11 U.S.C. § 303(i)(2)(A), they are properly assessed against the Trust.

Finally, the motion to reconsider underscores the need for a substantial award of punitive damages in this case. This motion offers no new arguments but merely rehashes positions the Trust unsuccessfully advanced in support of the involuntary petition and in opposition to the award of fees and punitive damages. In fact, at least some of these arguments were also apparently advanced in pre-petition litigation and appeared yet again in the Trust's unsuccessful bid to withdraw the reference. Notwithstanding the repeated shortcomings of these arguments, the Trust remained undeterred in reiterating them for a third, and in some cases, a fourth and fifth, time in its twenty-page motion asking the Court to reconsider its decision. If deterrence constitutes just grounds for punitive damages, then surely the Trust's conduct in this case would undermine any argument that the punitive damages awarded by the Court are excessive.

For these reasons, the motion is hereby denied in its entirety.

Dated: March 31, 2022

/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court