UNITED STATES BANKRUPTCY
COURT DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| **BLAIR HOUSE ASSOCIATES** ) | Case No. 21-20110 |
| **LIMITED PARTNERSHIP**. ) | |
| ) | |

**DECISION AND ORDER ON MOTION
REQUESTING ISSUANCE OF A WRIT OF EXECUTION**

On February 18, 2022, the court issued an order directing Ms. Hancock as Trustee of the Hillman Mather Adams Norberg Trust ("Ms. Hancock") to pay Blair House $148,000 in attorney's fees and punitive damages. (Docket Entry ("D.E.") 41). Although Ms. Hancock filed a motion for reconsideration of that order, the court denied that motion on March 31, 2022. (D.E. 43, 47). Ms. Hancock appealed both orders on April 12, 2022. (D.E. 49). Three days later, Blair House filed a motion requesting the issuance of a writ of execution for $148,000 in favor of Blair House and against Ms. Hancock. It also asked that Federal Rule of Bankruptcy Procedure 7069 apply to this matter.[1] (D.E. 53). Ms. Hancock opposed Blair House's request that a writ be issued. (D.E. 54). On April 27, 2022, in response to the court's request for briefing on the issue of whether a writ of execution can issue during the pendency of Ms. Hancock's appeal, the parties filed briefs supporting their respective positions. (D.E. 61, 63, 64).[2]

Bankruptcy Rule 1018 establishes the initial universe of adversary proceeding rules of Part VII of the Federal Rules of Bankruptcy Procedures that govern the proceedings contesting

---

[1] "Rule" refers to the Federal Rules of Civil Procedure and "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure.

[2] In addition, Ms. Hancock filed a "reply" brief on April 28, 2022 (D.E. 65) but that filing was not authorized by the court's briefing order and is therefore stricken.

an involuntary petition. It provides in part that "[u]nless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition . . . : Rules 7005, 7008-7010, 7015, 7016, 7024-7026, 7028-7037, 7052, 7054, 7056, and 7062." Absent from this list is Bankruptcy Rule 7069 but Bankruptcy Rule 1018 gives the court the discretion to expand the list of applicable Part VII rules. At Blair House's request, and in the absence of any objection by Ms. Hancock, the court orders that Bankruptcy Rule 7069 applies to this matter.

Bankruptcy Rule 7069 incorporates Rule 69(a)(1) which provides:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

This rule requires that the procedure on execution must accord with the appropriate state procedures unless a federal statute otherwise applies. Although neither party advanced the argument, a controlling federal statute exists and governs the procedure on execution. Here, Rule 62, which applies in this case by operation of Bankruptcy Rules 1018 and 7062, has the force and effect of a federal statute. See, 12 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 3012 (3d ed. 2008 and 2022 Supp.) ("Thus if there is an applicable federal statute, it is controlling, as is also any relevant Civil Rule, since those rules have the force of a statute.") (footnotes omitted); Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010) ("The federal rules, including Rule 66, qualify as federal statutes under Rule 69(a)."); Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir. 1995) ("We first note that Rule 69(a) adopts state procedures for execution only to the extent that they do not conflict with any applicable 'statute of the United States.' This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes.").

Rule 69(a)(1) instructs this court to look to Rule 62 and not, as Ms. Hancock maintains, to Maine law for determining when proceedings to enforce a judgment, including the issuance of writs, are stayed. And Rule 62 provides that, with limited exceptions either uninvoked or inapplicable to this case, a judgment creditor is entitled to the issuance of a writ of execution following the expiration of a 30-day stay commencing on the date of entry of the judgment. As the February 18, 2022 order entered more than thirty days ago, Blair House is entitled to its requested relief.

The court is not persuaded by Ms. Hancock' reliance on Caribbean Management Group, Inc. v. Erikon, LLC, 966 F.3d 35 (1st Cir. 2020) for the proposition that Federal Rule of Civil Procedure 69(a)(1) requires that this court look to Maine law to determine whether a writ may issue. Caribbean involved the unsuccessful appeal of the district court's denial of a judgment creditor's untimely request for leave to execute on a judgment. The Caribbean court found no federal statute which would override Rule 51.1 of the Puerto Rico Rules of Civil Procedure limiting, with a narrow exception, a judgment creditor's execution on a judgment to five years from the date of judgment. Id. at 42.

The court is aware that in Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978) the First Circuit wrote: "courts have consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law." However, even if that statement is not dicta, it is at odds with more recent United States Supreme Court precedent. In Gasperini v. Ctr. for Humanities, Inc., the court noted:

> It is settled that if the Rule [of Federal Civil Procedure] in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies regardless of contrary state law. See Hanna v. Plumer, 380 U.S. 460, 469–474, 85 S.Ct. 1136, 1142–1145, 14 L.Ed.2d 8 (1965); Burlington Northern R. Co. v. Woods, 480 U.S. 1, 4–5, 107 S.Ct. 967, 969–970, 94 L.Ed.2d 1 (1987).

518 U.S. 415, 428, 116 S. Ct. 2211, 2220, 135 L. Ed. 2d 659 (1996).

      Therefore, the court hereby grants Blair House's request and orders that Rule 7069 applies to this matter. In addition, the Clerk of the United States Bankruptcy Court for the District of Maine is directed to issue the Writ of Execution requested by Blair House.

Dated: April 29, 2022                                    /s/ Peter G. Cary
                                                                        Honorable Peter G. Cary
                                                                        United States Bankruptcy Judge